[Civil No. 1866.   Filed March 30, 1921.]

[196 Pac. 452.]

## G. F. McFADDEN, Appellant, v. ELLA McFADDEN, Appellee.

1. TRIAL—MINUTE ENTRY NOT "FINDINGS" OF FACT REQUIRED BY STATUTE.—The minute entry is not findings of the court within the meaning of Civil Code of 1913, paragraph 528, which makes it the duty of the court to make written findings of fact, stating the facts found by the court and the conclusions of law separately, the minute entry being only evidence that the court ordered a judgment, the terms thereof to be ascertained when it was written up and signed by the court.

2. JUDGMENT—TO PREVAIL OVER CONFLICTING MINUTE ENTRY.—Where there is a conflict between entry made by the clerk in the minutes and the solemn judgment of the court, the terms of the latter should be given force and effect rather than those of the former.

3. DIVORCE—CHILD'S AGE, HEALTH, AND SEX MATERIAL IN DETERMINING CUSTODY.—On divorce, in determining who should have custody

---

3. On effect of provision in decree of divorce or separation on right of parent to custody of child, see note in 41 L. R. A. (N. S.) 597.

of a child, the court should choose the one most suitably fitted to assume and properly discharge the parental care that the child's age, sex, health, training, and education demand; the child's welfare being the paramount consideration.

4. DIVORCE—CUSTODY OF CHILD OF TENDER YEARS AWARDED THE MOTHER ON DIVORCE.—On divorce the custody of a child of tender years needing a mother's care and attention, all other things being equal, will be awarded to its mother.

5. DIVORCE—COURT NEED NOT FAVOR SUCCESSFUL PARTY IN DIVIDING PROPERTY.—Civil Code of 1913, paragraph 3862, as amended by Laws of 1919, chapter 65, relating to the division of property on divorce, does not require the court to favor the party succeeding, but leaves the whole matter open to inquiry and investigation, and gives the court a freedom controlled only by its sense of justice and right, and where wife originally contributed $1,300 and husband $200 to community, it cannot be said that the court erred in awarding $4,500 to wife and $1,000 to husband; the wife also being awarded custody of a minor child.

6. DIVORCE—ALLOWING ALIMONY TO WIFE, WHO WAS IN THE WRONG, LARGELY DISCRETIONARY.—The general rule under Civil Code of 1913, paragraph 3869, is that where a divorce is granted because of the wrongful conduct of the wife, she should not be given permanent alimony, but this rule has its exceptions, and whether it should be followed or not in a given case is left largely to the discretion of the trial court.

7. DIVORCE—FATHER SHOULD BE PERMITTED TO VISIT CHILD WHOSE CUSTODY WAS AWARDED WIFE.—Decree of divorce; granted husband by reason of desertion of wife and awarding custody of a child of tender years to the wife, should provide that the father might see or visit the child at seasonable and proper times.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Modified and affirmed.

Messrs. Hayes & Allee, for Appellant.

Mr. G. W. Silverthorn, for Appellee.

ROSS, C. J.—Appellee filed her complaint against appellant, charging him with cruelty and failure to provide; asked for a dissolution of the marriage re-

---

6. Right of wife to alimony where divorce is granted against her, note, 20 Ann. Cas. 24; Ann. Cas. 1915C, 1254.

lation, for a division of the community property, the custody of the four year old child—issue of said marriage—and for the sum of fifty dollars per month for the support of herself and child.

Appellant denied the charges of cruelty and failure to provide, and by way of cross-complaint, claimed the right to a divorce from the appellee on the grounds of willful desertion; asked for a division of the community property, and that he be given the custody of the minor child.

Upon the date set for trial, appellee failed to put in an appearance, either personally or by attorney; and such inattention not being shown to be excusable, at the request of appellant, the court proceeded to hear the evidence of appellant in support of his cross-complaint.

The admissions in the pleadings and the evidence presented, in brief, the following facts: That appellee and appellant were married in the year 1911 at Frederickstown, Missouri. At the time appellee had thirteen hundred dollars and the appellant had two hundred dollars. These sums were invested in different enterprises, and, with the joint labors and efforts of both of them, grew until in 1917 their total amounted to some seven thousand dollars. In October, 1917, they removed to Mesa, Arizona, where they were residing at the time of the institution of the suit. At Mesa they bought a home, paying therefor seventeen hundred and fifty dollars. The rest of the community property consisted of an automobile, household furniture, a cow, some chickens, three hundred and forty-four dollars in cash, and notes on parties living in Missouri for the sum of twenty-five hundred dollars.

From a reading of the evidence as it is written out, it is difficult to say who, or whether either one of the parties, is seriously at fault. While all the witnesses were appellant's, and there were several of them,

there is no direct word of accusation or condemnation of the appellee. They likewise vouch for the good behavior, industry, and kindliness of the appellant.

After holding the case under advisement some ninety days, the court rendered its decree. In the minute entry it is recited that—

The court "finds that the defendant [appellant] is entitled to the relief prayed for in his cross-complaint; and it is ordered that a judgment be entered herein for the defendant in accordance with such findings, which said judgment, when signed by the court, shall be entered in the judgment-book."

On the same date the court signed a formal judgment in which the marriage bonds were dissolved upon the evidence in support of the cross-complaint for desertion. The appellee was given the custody of the minor child. It was decreed that appellee be "awarded as and for her separate property, and freed from all claims of defendant, as permanent alimony and as her share of the community property," the home at Mesa, Arizona, notes for the sum of twenty-five hundred dollars, certain household furniture, and one cow; that the appellant be awarded one automobile, chickens, furniture, and three hundred and forty-four dollars in cash.

The first assignment appellant makes is that the decree of the court was entirely inconsistent with and contradictory of the findings and order for judgment, and he argues that the findings and the order for judgment should prevail over the formal judgment and decree signed by the judge.

That there is conflict between the minute entry and the formal judgment is plain to be seen. We think, however, appellant, when he designates the minute entry as the findings of the court, is in error. When a case is tried by the court, the statute (paragraph 528, Civ. Code) makes it the duty of the court, at the

request of either party, to make written findings of fact, stating the facts found by the court and the conclusions of law separately. The minute entry is not in conformity with this statute; it being the record kept by the clerk only. There are no written findings of fact by the court on file in the record. At most, we think the minute entry is evidence that the court ordered a judgment, the terms thereof to be ascertained when it was written up and signed by the court.

Moreover, we think, in conformity with the rule in at least one jurisdiction, that where there is conflict between the entry made by the clerk in the minutes and the solemn judgment of the court, the terms of the latter should be given force and effect, rather than of the former. *Gould* v. *Austin*, 52 Wash. 457, 100 Pac. 1029; *Landry* v. *Seattle Ry. Co.*, 100 Wash. 453, 171 Pac. 231.

It is next contended by the appellant that the decree in awarding the custody of the child to appellee, and in awarding her permanent alimony, and in the division of the community property, was not sustained by the evidence, and is contrary to law. As to the fitness and ability of the parents to have and care for the minor child, it cannot be said, as we read the cold record, that the evidence preponderates either way. The child, a boy, is of very tender years, and should have, if possible, the care and affection of his mother. This fact, doubtless, had weight with the court in awarding his custody. The court also had the advantage of seeing and observing the appellant, his manner and demeanor, and may have concluded therefrom that he was not the proper person to have the child. While the evidence shows the mother to be in delicate health, it also shows the father to be "suffering from tuberculosis."

Naturally, the claims of the father and mother to the custody of their offspring are equal when shorn of every other consideration than parenthood, and as long as the marriage status is maintained the law recognizes these natural claims. When, however, the heads of the family disagree and apply to the courts for a dissolution of the marriage relation, and it is no longer possible for the child to have their joint aid, comfort, and support, but that of only one of them, the courts invariably should choose the one most suitably fitted to assume and properly discharge the parental care that the child's age, sex, health, training, and education demand. The latter's welfare then becomes the paramount consideration. 19 C. J. 344, § 797. We are not able to say from the record that the court improperly exercised its judgment and discretion in the present case in awarding the custody of the child to the mother. The rule seems to be if the child is of tender years, needing a mother's care and attention, all other things being equal, preference should be given her in its award (14 Cyc. 807; 19 C. J. 345, § 799; 9 R. C. L. 476), and this rule is sometimes followed, even though she is not the prevailing party in the suit for divorce, if the court is satisfied it is for the best interests of the child; that always being the paramount consideration. 19 C. J. 345, § 800.

The statute (paragraph 3862, Civ. Code), as amended by chapter 65, Laws of 1919, makes it the duty of the court, before pronouncing a decree of divorce, to take evidence of the property and estates of the parties, and to divide the same between the parties ''as to the court shall seem just and right, having due regard for the rights of each party and their children, if any.'' This provision of the law was observed in the trial of this case. In making the division the court favored the wife and mother by de-

creeing to her considerably more of the property than to the husband and father, but in doing so he doubtless took into consideration that she had contributed to the original capital the major portion of the funds, and also that she, in all probability, would bear most, if not all, the burden of educating and caring for the minor child.

The statute does not require the court to favor the party succeeding in the divorce suit, but leaves the whole matter open to inquiry and investigation, and gives the court a freedom controlled only by the court's sense of "justice and right," after familiarizing himself with the parties' respective contributions in labor and capital, and their immediate and prospective needs and burdens and deserts. The appellee's contribution was originally thirteen hundred dollars and the appellant's two hundred dollars. The award in the judgment was about four thousand five hundred dollars to appellee, and about one thousand dollars to appellant, which is not much out of proportion to their contributions.

It is evident from the language employed in the decree that the court intended to divide the community property as authorized by the above statute, and also "in addition to the division of the common property . . . direct the husband to pay to the wife such amounts as may be necessary for the support and maintenance of the wife" and minor child, "said amount to be paid in one sum," as provided in paragraph 3869 of the Civil Code, as her apportionment is described in the decree "as permanent alimony and as her share of the community property."

The general rule is that where a divorce is granted because of the wrongful conduct of the wife, she should not be given permanent alimony. 19 C. J. 244, § 568. Paragraph 3869 of the Civil Code, concerning permanent alimony, does not so provide, but courts

of other states with similar statutes have so stated the rule. We approve the rule as a wholesome one, founded upon a wise public policy; but to give it uniform application would often result in great injustice, so it has its exceptions, and whether it should be followed or not in a given case is left largely to the discretion of the trial court. Each case is a problem in itself that must be solved according to its own facts and circumstances, and the solution by the trial court will not ordinarily be disturbed unless clearly or palpably erroneous.

What amount of the award to the appellee was estimated as permanent alimony we have no means of ascertaining, as it is not stated in the decree. As we have seen, the division could well have been made in the proportions in the decree solely under the community property statute without any apparent injustice to appellant. In such circumstances, even though it should be granted that under the facts of this case appellee was not entitled to any allowance as permanent alimony as such, appellant could not complain; the division as made being justified under the community property statute.

The decree does not provide that the father may see or visit the child, and in that respect we think it should be modified and in all other respects affirmed.

The cause is remanded, with directions to the trial court to modify said judgment so as to permit the father, at seasonable and proper times, to visit his child, the said right of visitation to be fixed and determined according to the facts and circumstances as they may appear.

It is also directed that each party shall pay his own costs.

BAKER and McALISTER, JJ., concur.