[Civil No. 3966.   Filed June 27, 1938.]

[80 Pac. (2d) 692.]

C. R. HIATT, Appellant, v. MILDRED HIATT, Appellee.

Mr. Lloyd C. Helm, for Appellant.

Mr. W. G. Gilmore and Mrs. Laura F. Gilmore, for Appellee.

LOCKWOOD, J.—Mildred Hiatt, hereinafter called plaintiff, brought suit against C. R. Hiatt, hereinafter called defendant, for a divorce, for alimony, and for custody of the two minor children of the parties. The action was based upon the alleged failure of defendant to provide plaintiff and their minor children with the necessaries of life. Defendant answered, setting forth that he had properly provided for his wife and children, going into some detail as to the circumstances and denying that she was a proper person to have the care of the children. Thereafter plaintiff filed three separate motions, (a) for temporary alimony *pendente*

*lite,* (b) for suit money, and (c) for the temporary custody of the children, and served notice upon defendant that she would call up the three motions for hearing on February 2, 1937. The minutes of the court for February 2, 16, 23, and March 2, show the following entries in regard to the case:

"(Feb. 2, 1937). This cause came on regularly for trial this date, on plaintiff's Motion 1. for support money, *pendente lite,* 2. for costs of suit and attorneys fees, 3. for order restoring to and placing with plaintiff herein the sole control, custody and care of the minor children pending trial.

"The plaintiff present in person and by W. G. Gilmore and L. F. Gilmore, the defendant present in person and by George M. Roark, Esq.

"The plaintiff called as witnesses . . . and the plaintiff rested.

"The defendant called as witnesses . . . and defendant rested. Counsel agreed to submit briefs covering law points.

"It is by the court ordered that February 16, 1937, is the date when a decision will be rendered in this cause."

"(Feb. 16, 1937). This cause came on regularly this date for decision of the Court, the plaintiff present by Laura Gilmore and the defendant by George M. Roark.

"After due consideration it is by the Court ordered that the residence of the plaintiff is Cochise County, Arizona. It is further ordered that the defendant pay the sum of $35.00 per month for the support of the minor children and the further sum of $100.00 as and for plaintiff's attorney's fees, and it is further ordered that upon the presentation by the plaintiff of a formal written judgment and its approval and signing by the Court judgment will be rendered in favor of the plaintiff and against the defendant for a decree of divorce and the custody of the minor children."

"(Feb. 23, 1937). A formal written judgment in this action having this date been presented to and approved by the Court in accordance with an order heretofore entered herein, it is ordered that judgment be rendered in favor of the plaintiff and against the defendant for a decree of absolute divorce, and that

defendant pay to plaintiff $35.00 per month for the support and maintenance of the minor children Roy and Wayne Hiatt, and the further sum of $100.00 as plaintiff's attorney fees, and the further sum of $27.30 costs, and further that the plaintiff be awarded the sole custody of the said minor children Roy and Wayne Hiatt. It is further ordered by the Court that the defendant's motion to set aside the said judgment entered herein, be, and is hereby set for hearing on Tuesday, March 2, 1937, at 10:00 o'clock A. M.

"(Mar. 2, 1937). This cause came on regularly this date for hearing on Defendant's Amended Motion to Set Aside the Findings of the Court and Judgment in this case. The defendant present by Geo. M. Roark, Esq., and the plaintiff present by Laura Gilmore. Court heard counsel on the motion and ordered that the amended motion to set aside the findings of the court and judgment be, and the same is hereby overruled."

The amended motion to set aside the findings and judgment referred to as having been filed on February 23d, is in the following language:

"Comes now C. R. Hiatt the defendant in the above entitled action and shows to the court:

"That the hearing herein on the 2nd day of February, 1937, was on a motion submitted by the plaintiff in which her dilatory pleas were set out in a notice to the defendant, first, a motion for support money *pendente lite,* second, a motion for costs of suit and attorney's fees, and, third, a motion for order restoring to and placing with plaintiff herein the sole custody, care and control of the minor children pending trial.

"That this defendant appeared on the 2nd day of February in accordance with said motion to answer same.

"That the Court after hearing the same and taking the same under advisement until the 16th day of February, 1937; and that the Court made and entered an order granting the plaintiff a divorce and certain other orders with the relation to the payment of money and the permanent custody of the children, whereas, in truth and in fact no trial of the case had been made

and this defendant had not had any notice of such trial and did not appear for the purpose of trying but only for the purpose of disposing of the motions presented by the plaintiff herein.

"That said order granting a divorce was made inadvertently and without the defendant having any notice of any intention to try, and without any trial of the case being had.

"That the said judgment is not supported by the evidence and is contrary to the law particularly in this, that the said plaintiff's evidence shows that she had not separated from defendant and continued to expect to live with him until January of 1937, and that as a matter of fact her residence was not within the State of Arizona up until January 1937 but that her residence was with her husband in the State of New Mexico, and this Court had no jurisdiction to enter an order granting a divorce herein.

"Wherefore defendant prays that the said findings and judgment be set aside and the defendant granted a new trial herein.

"GEO. M. ROARK,

"Attorney for Defendant.

"The foregoing motion is based upon the facts, first, that no trial was had but that the defendant appeared solely for the purpose of answering and disposing of motion made by the plaintiff; second, that the plaintiff herein was not a resident of the State of Arizona for a full year prior to the institution of this action, and the Court had no jurisdiction to try the case; and third, that the evidence introduced at said hearing did not support the judgment."

The appeal is based upon the ground that the case was never set for trial upon its merits, and was never heard on the merits, but solely on the three motions as set forth in the minutes of February 2d, and that the trial court, therefore, was without jurisdiction to render a judgment on the merits. We have discussed the manner in which cases should be set for trial by the superior courts, in the case of *Brown* v. *Haymore*,

43 Ariz. 466, 32 Pac. (2d) 1027, as follows (pp. 470, 471):

"This court has the inherent right to make rules for its own government, and the statutory right under section 3652, R. C. 1928, to make rules for all of the superior courts of the state of Arizona. Under this statutory power it has adopted certain uniform rules for these courts, which from May 15, 1932, had the same force and effect as statutes, in so far as they were not inconsistent with the Constitution and laws of the state. For the purpose of carrying out in a proper manner the provisions of section 3802, *supra,* sections 1 and 2 of rule III of the Uniform Rules of Practice were adopted. They read as follows:

" 'III. Setting of Cases for Trial.

" '(1) Each Superior Court shall by rule designate certain times at which the calendar for the setting of cases shall be called. In any cause or proceeding a jury may be demanded by either party in open court at the time the case is set for trial, or by a written demand, filed with the clerk before such call of the calendar.

" '(2) Unless demand is made for a jury trial as above provided, it shall be deemed waived. If demand for a jury trial be made as above, it can only be waived thereafter by consent of all the parties to the action, and with the approval of the court.'

"It will be observed that the superior courts are required by the rules in each county to designate certain times at which the calendar for the setting of cases shall be called, and the only reasonable inference to be drawn from this rule is that no case will be set for trial except upon the day fixed by the rules of the court, unless all of the parties to a case have been given actual notice that it is the intention of the court upon a certain day to proceed to set it for trial, or unless the parties have agreed upon a date for trial to be fixed by the court. When a superior court has in its formally-adopted rules fixed certain days on which cases shall be called for the purpose of setting, it is constructive notice to all parties having cases pending, that they may properly be set on such day,

and they must at their peril be present if they desire to exercise the right of demanding a jury under section 3802, *supra,* or to be heard as to when the case is to be tried on its merits. On the other hand, justice and fair play would require that they could rely upon such rule as relieving them from the necessity of being present at any other time, unless they have been given actual notice that on a date specified their cases will be called for setting. Any other interpretation of the rule would be to set a trap for counsel and in many cases work serious injustice.''

The minute entry of February 2d shows positively that the hearing on that date was set for the three motions mentioned in the minutes and not for a trial of the case on the merits. On February 16th, for the first time, it appears from the record that a judgment upon the merits was contemplated, and on the 23d this judgment was rendered. It recites as follows:

''This case came on regularly for trial on the 2d day of February, 1937, the plaintiff appearing by counsel, W. G. Gilmore and Laura F. Gilmore, and in person; and the defendant appearing by counsel, George M. Roark, and in person; the defendant having been regularly served with process and having fully answered plaintiff's complaint, the cause was tried before the court, sitting without a jury; whereupon evidence was introduced on all issues of the case by both the plaintiff and defendant, and the evidence being closed, the cause was submitted to the Court for decisions; after due deliberation thereon the Court made its Findings of Fact and Conclusions of Law in writing, which are filed herewith, and orders that judgment be entered in accordance therewith.''

From its language it appears that both parties introduced evidence on all of the issues of the case, and thereafter the case was submitted to the court for decision. The natural and reasonable implication from this language would be, when taken into consideration with the minute entries aforesaid, that while the case

had originally been set for trial on the motions only, the parties tacitly, if not expressly, agreed that it might be heard on the merits, and it was so heard. This judgment shows that it was approved as to form by counsel for the defendant. Notwithstanding this, on the same day he filed a motion to set aside the findings of the court and the judgment, on the ground that the hearing had not been set for a trial on the merits and that defendant did not appear for the purpose of trying the case, but only for the purpose of disposing of the minutes, but he did not therein state that he did not waive a formal setting, either by his conduct or formally. The motion was overruled by the court.

In the case of *McFadden* v. *McFadden,* 22 Ariz. 246, 196 Pac. 452, we had before us the effect of a conflict between a minute entry and the formal judgment. Therein we said (pages 249, 250):

"That there is conflict between the minute entry and the formal judgment is plain to be seen. We think, however, appellant, when he designates the minute entry as the findings of the court, is in error. When a case is tried by the court, the statute (paragraph 528, Civ. Code) makes it the duty of the court, at the request of either party, to make written findings of fact, stating the facts found by the court and the conclusions of law separately. The minute entry is not in conformity with this statute; it being the record kept by the clerk only. There are no written findings of fact by the court on file in the record. At most, we think the minute entry is evidence that the court ordered a judgment, the terms thereof to be ascertained when it was written up and signed by the court.

"Moreover, we think, in conformity with the rule in at least one jurisdiction, that where there is conflict between the entry made by the clerk in the minutes and the solemn judgment of the court, the terms of the latter should be given force and effect, rather than the former. (Citing cases)."

And we have reaffirmed this rule several times. *Estate of Schuster,* 35 Ariz. 457, 281 Pac. 38; *Funk* v. *Fillman,* 44 Ariz. 263, 36 Pac. (2d) 574.

■■ Even though there were a conflict between the minute entry and the judgment, we would be bound to follow the recitals of the latter, but we think there is not necessarily a conflict. It may well be that as the minute entry states, the case was set for hearing on nothing but the motions, but that during the course of the hearing counsel and the court agreed, either in so many words or tacitly, that all the issues should be heard and the case determined on its merits.

The trial court overruled the motion to set aside the judgment, and since this might properly have been done on the ground that the parties had, by their conduct, given consent to a hearing on the merits, and it does not appear affirmatively from the record that such consent was not given, the judgment of the superior court of Cochise county is affirmed.

McALISTER, C. J., and ROSS, J., concurred.