808 P.2d 343

**Elsie PERRY as Representative of the Estate of John Kenton Perry, for and on behalf of John Jess Key Perry, a minor child, John D. Perry and Elsie Perry, husband and wife, Plaintiff/Appellant,**

v.

**COUNTY OF MARICOPA, State of Arizona, a body politic, Defendant/Appellee.**

**No. 2 CA–CV 90–0253.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 26, 1991.

Reconsideration Denied April 11, 1991.

Jennings, Strouss & Salmon by Jefferson L. Lankford, John S. Hobbs, James M. Ackerman and Rita A. Meiser, Phoenix, for plaintiff/appellant.

Richard Romley, Maricopa County Atty. by Richard A. Stewart, Phoenix, for defendant/appellee.

## OPINION

FERNANDEZ, Chief Judge.

The issue presented in this appeal is the propriety of the trial court's denial of appellant's motion for leave to refile the action pursuant to A.R.S. § 12–504(A). Appellant also contends that the denial of her motion for enlargement of time was an abuse of discretion. We agree as to the latter motion and remand.

John Kenton Perry committed suicide on May 24, 1986 by hanging himself while he was in custody at the Maricopa County Jail on charges of first degree murder and aggravated assault. His mother, appellant Elsie Perry, as personal representative of his estate and on behalf of his minor child and his parents, served a notice of claim against Maricopa County on May 22, 1987. The county did not respond to the claim, and appellant filed a complaint for wrongful death, for intentional infliction of emotional distress, and a claim pursuant to 42 U.S.C. § 1983 on December 30, 1987.

Appellee Maricopa County was not served with process until January 6, 1989, one week after the expiration of the one-year period permitted by Rule 6(f), Ariz.R. Civ.P., 16 A.R.S. Appellee moved to quash service of process and to dismiss the complaint. Appellant filed a response and a counter-motion for enlargement of the time to serve the summons. The response was filed one week late. The day after appellant's response was filed, the court granted the motion to quash and to dismiss, erroneously noting "there being no response of record."

Appellant's response stated that on December 20, 1988, her trial counsel authorized a registered private process server to serve the summons and complaint upon appellee, specifically instructing the pro-

cess server to "[p]lease serve no later than December 30, 1988." The response also alleged that service was not timely completed because of a miscommunication between the attorney's office and the process server.

The affidavit of the legal assistant attached to the response stated that the instruction sheet that she prepared for the process server requested service on Maricopa County and the State of Arizona. The complaint is actually against Maricopa County only. The legal assistant stated that she received a call from Dawn at the process server's office explaining that there was a problem in listing the state as a defendant. The legal assistant spoke to trial counsel and called the process server back on December 21. She left a message for Dawn that service was to be made on the county only. On January 6, 1989, Dawn called the legal assistant and asked what she was to do with the summons and complaint. Dawn told the assistant she had not received the December 21 message. At the request of the legal assistant, service was completed that same day.

On March 1, 1989, the court entered a minute entry stating that it had received and considered the response and motion for enlargement of time and that the motion was denied as untimely filed. Appellant then filed a motion to reconsider and a motion for leave to refile the suit pursuant to A.R.S. § 12–504 on March 14. On April 27 the court denied both motions, ruling that its previous denial of the motion for enlargement of time was based not only on untimeliness but also on the failure to comply with Rule 6(f). The motion to refile was denied on the ground that there was no evidence that appellant "prosecuted the case diligently and vigorously."

## MOTION TO REFILE

■ Appellant contends that the court abused its discretion in denying her leave to refile under the savings statute, A.R.S. § 12–504(A), which provides as follows:

If an action is commenced within the time limited for the action, and the action is terminated in any manner other than

by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination. If an action timely commenced is terminated by abatement, voluntary dismissal by order of the court or dismissal for lack of prosecution, the court in its discretion may provide a period for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired. Such period shall not exceed six months from the date of termination.

In its ruling, the court cited the Division One case of *Flynn v. Cornoyer–Hedrick Architects & Planners, Inc.*, 160 Ariz. 187, 772 P.2d 10 (App.1988), noting that another Division One case, *Jepson v. New*, 160 Ariz. 193, 772 P.2d 16 (App.1989), had ruled to the contrary.

The supreme court has since resolved the differences in those cases by adopting the test applied in *Flynn*. *Jepson v. New*, 164 Ariz. 265, 792 P.2d 728 (1990). In doing so, the court stated:

'A mere balancing of prejudice to each party should not constitute the sole factor considered by the trial court. Several factors must be considered in determining whether to permit a plaintiff to refile. The court should ascertain whether the plaintiff acted reasonably and in good faith, whether he prosecuted his case diligently and vigorously, whether a procedural impediment exists which affects his ability to file a second action, and whether either party will be substantially prejudiced.

\* \* \* \* \* \*

The burden is on the plaintiff to present the particular circumstances that justify relief under § 12–504.'

*Id.* at 272, 792 P.2d at 735, *quoting Flynn*, 160 Ariz. at 192, 772 P.2d at 15 (emphasis deleted). The court also specifically set out the test for cases such as this. "To obtain relief under the savings statute where the

action has abated and been terminated, the plaintiff must show that despite diligent efforts, he was unable to effect service." *Id.* 164 Ariz. at 273, 792 P.2d at 736.

Applying the *Flynn* test, the trial court found that there was no evidence that appellant prosecuted her case diligently and vigorously. The record clearly supports this finding. Although the complaint was filed December 30, 1987, appellant made no effort to serve process until December 20, 1988, only ten days before the last day for service under Rule 6(f). Appellant offered no explanation why process was not attempted earlier. Since appellee is a government agency, there clearly was no difficulty in ascertaining its whereabouts. Moreover, when service was finally attempted on December 20, appellant created confusion for the process server by requesting service on both the state and the county although the state is not a defendant. When the confusion was noted by the process server, appellant responded with a single telephone call and left a message. There is no evidence of any follow-up efforts to ascertain if the message had been received and service effected despite the awareness that service must be completed by December 30.

There is no evidence in the record of on-going negotiations or attempted settlement efforts, nor is there evidence that the court was advised of any impediments that prevented timely service. Under the circumstances, we find no abuse of discretion in the denial of the motion to refile.

## MOTIONS FOR ENLARGEMENT OF TIME AND FOR RECONSIDERATION

Appellant also contends that the court erred in refusing to consider her response to appellee's motion to dismiss. That contention is not supported by the record. The March 1, 1989 minute entry specifically recites that the court considered appellant's response.

■ Next, appellant contends that the court abused its discretion in denying her motion for enlargement of the time within which to serve the summons, arguing that the ruling is based on an error of law. The motion was filed pursuant to Rule 6(b), Ariz.R.Civ.P., 16 A.R.S., which provides in part:

When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. ...

The trial court initially denied the motion as untimely despite the clear statement in Rule 6(b)(2) that such motions can be made after the time period sought to be enlarged has passed. After the motion for reconsideration was filed, the court stated that the motion was denied as well on the ground that appellant had not complied with Rule 6(f). Appellant filed the motion to enlarge the time for effecting service of process, however, precisely because Rule 6(f) had not been complied with.

■ A trial court has discretion to rule upon a motion for enlargement of time. Rule 6(f). That discretion, however, is not unlimited. The court is not permitted to misapply the law or the applicable legal principles. *Gorman v. City of Phoenix*, 152 Ariz. 179, 731 P.2d 74 (1987). We conclude that the trial court abused its discretion in denying appellant's motion for enlargement of time by applying the wrong legal standards. Therefore, we reverse the ruling on that motion and remand for its reconsideration pursuant to the appropriate standards.

Affirmed as to the motion to refile; reversed and remanded as to the motion for enlargement of time.

ROLL, P.J., and HOWARD, J., concur.