NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

FIRESTONE PIZZA EXPRESS, LLC, *Plaintiff/Appellant*,

*v.*

SAFIRE RESTAURANT, INC, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0471
FILED 6-28-2022

Appeal from the Superior Court in Apache County
No. S0100CV201900116
The Honorable Garrett L. Whiting, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Nicholas D. Patton, Show Low
*Counsel for Plaintiff/Appellant*

Hamblin Law Office, PLC, Eager
By Bryce M. Hamblin
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Maria Elena Cruz and Judge Angela K. Paton joined.

**T H U M M A**, Judge:

¶1 Plaintiff Firestone Pizza Express, LLC (Firestone) challenges the denial of its motion for relief from an order dismissing this case without prejudice and a resulting entry of judgment awarding defendant Safire Restaurant, Inc., (Safire) attorneys' fees and costs. Because Firestone has shown no error, the order and judgment are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 In September 2017, Firestone rented from Safire real property in Springerville, Arizona. Disputes arose and, by June 2018, Safire had evicted Firestone. In July 2019, Firestone filed this case against Safire for breach of contract and conversion. Safire answered in November 2019.

¶3 An August 2020 order placed the case on the inactive (dismissal) calendar, stating that if "no action is taken in this matter within the next 60 days it shall be dismissed without prejudice." *See* Ariz. R. Civ. P. 38.1(d)(1). Firestone moved for a scheduling conference 58 days later, asking that the case be removed from the dismissal calendar. The court set a November 2020 scheduling conference and removed the case from the dismissal calendar.

¶4 At the scheduling conference, the court imposed a December 11, 2020 deadline for the parties to provide a joint report and scheduling order. *See* Ariz. R. Civ. P. 38.1(d)(2)(A). That deadline passed with no submission being made. A December 16, 2020 order noted a lack of "'substantive progress in the prosecution of the case'" and placed the case on the dismissal calendar. That order stated that if "no action is taken in this matter within the next 60 days it shall be dismissed without prejudice." *See* Ariz. R. Civ. P. 38.1(d)(2).

¶5 No joint report and scheduling order were ever provided. On February 11, 2021, three days before the 60-day deadline, Firestone filed a motion to remove the case from the dismissal calendar, also asking for a scheduling conference and, in the alternative, that the case be continued on the dismissal calender for another 90 days. The motion cited no authority for the relief requested. Although Safire did not respond, the court denied the motion and dismissed the case without prejudice. The court noted that no joint report and scheduling order had been provided and the December 11, 2020 court-ordered deadline had long passed. The court also noted that Firestone's motion did not comply with Rule 38.1(d)(2).

**¶6**        A month later, Firestone filed a "Rule 60(b) Motion for Relief," citing on information from 2020 and stating counsel "became ill" on January 9, 2021 and was quarantined with COVID-19 through January 24, 2021. The motion stated that the requested scheduling conference "would have taken the place of the scheduling order." Without discussing Rule 60(b), Firestone asked that the case be reinstated or that the court "set a deadline within which it can refile the case under A.R.S. § 12-504(A)," Arizona's savings statute.

**¶7**        In a five-page final judgment, the court denied the motion and awarded Safire attorneys' fees and costs. The judgment found Firestone failed to prosecute the case before COVID "complications had any effect on [the] case or counsel," failed to show any grounds for relief and failed to show any prejudice or impediment to refiling. This court has jurisdiction over Firestone's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶8**        The denial of a Rule 60(b) motion is reviewed for an abuse of discretion. *Ruffino v. Lokosky*, 245 Ariz. 165, 168 ¶ 9 (App. 2018). An abuse of discretion "is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Quigley v. Tucson City Court*, 132 Ariz. 35, 37 (1982). Firestone has shown no abuse of discretion.

**¶9**        The court properly noted that Firestone's "Rule 60(b) Motion for Relief" did not comply with the procedural rules. A motion must both "state with particularity the grounds for granting the motion" and include "citations to the specific parts or pages of supporting authorities and evidence." Ariz. R. Civ. P. 7.1(a)(1) & (2). Firestone's motion  failed to do these things. On that procedural basis alone, the court properly could have denied the motion. Ariz. R. Civ. P. 7.1(b)(1).

**¶10**        Firestone also failed to act as required to prevent dismissal of the case. The court ordered a joint report and proposed scheduling order be provided by December 11, 2020. That did not happen; no report and proposed order were provided to the court at any time. Nor did Firestone ask the court to extend the December 11, 2020 deadline, either showing good cause (if made before that date) or excusable neglect (if made after). *See* Ariz. R. Civ. P. 6(b)(1)(A) & (B).

**¶11**        Apart from the December 11, 2020 deadline, Firestone did not act to prevent dismissal without prejudice. As applicable here, to prevent such a dismissal, by mid-February 2021, Firestone needed to either (1) submit a joint report and scheduling order, or (2) file a motion showing good cause continuing the case on the dismissal calendar for a specified time. Ariz. R. Civ. P. 38.1(d)(2)(A) & (C). Firestone did neither.

**¶12**        Despite this failure to comply with the December 11, 2020 deadline and the applicable rules, Firestone argues it "acted as any reasonably prudent attorney would have under the circumstances" and the failures were because of "excusable neglect." Excusable neglect can provide a basis for relief from a judgment or order. *See* Ariz. R. Civ. P. 60(b)(1). On the record presented, however, the superior court properly could conclude that Firestone failed to show excusable neglect.

**¶13**        Firestone argues counsel's COVID-19 quarantine in January 2021 is excusable neglect. That argument, however, does not address or explain the failure to comply with the December 11, 2020 deadline. Nor does it address the failure to provide a joint report and order before the January 2021 diagnosis. And Firestone's counsel filed the Rule 60(b) Motion for Relief on February 11, 2021, negating any argument that, on or after that time, COVID-related issues mandated a finding of excusable neglect. For these reasons, the authority Firestone cites in arguing excusable neglect does not apply. *See Walker v. Kendig*, 107 Ariz. 510, 511-12 (1971) (attorney, who filed an affidavit stating he contracted Valley Fever before the case was placed on the inactive calendar, but with symptoms lasting "several months thereafter," and showing "he did not see the notice that the case had been placed on the Inactive Calendar" and failed to prevent its dismissal constituted excusable neglect). For these same reasons, Firestone has not shown that Arizona Supreme Court Administrative Order 2020-197 required a finding of excusable neglect.

**¶14**        Firestone next argues that the superior court "erred in refusing to set a scheduling conference in this matter," meaning the dismissal should be vacated. Firestone argues Rule 16(d) required the court to set a scheduling conference any time a party requests one in writing. *See* Ariz. R. Civ. P. 16(d) ("On a party's written request the court must – or on its own the court may – set a Scheduling Conference."). This argument fails for various reasons.

¶15            To the extent Rule 16(d) contemplates setting one ("a") scheduling conference, the court did so at Firestone's request and held a November 2020 scheduling conference. To the extent Firestone argues Rule 16(d) requires the court to hold a scheduling conference anytime a party requests one in writing, such an argument fails. *See Reed v. Burke*, 219 Ariz. 447, 450 ¶ 15 (App. 2008) ("We are to construe rules to avoid absurd results."). Finally, Firestone has not shown how the court setting another scheduling conference in 2021 would have excused its failure to comply with the December 11, 2020 deadline or with Rule 38.1(d)(2).

¶16            Firestone argues the court erred in denying its request for relief under Arizona's savings statute. The superior court, "in its discretion," may specify the time "for commencement of a new action for the same cause" where a case is dismissed "for lack of prosecution." A.R.S. § 12-504(A). "[T]he very nature of the discretionary portion of the provision requires a case-by-case application and evaluation." *Jepson v. New*, 164 Ariz. 265, 271 (1990). Firestone had the burden to present "particular circumstances that justify relief" under the statute. *See Flynn v. Cornoyer-Hendrick Architects & Planners*, 160 Ariz. 187, 192 (App. 1988). In considering such a request, the court is to address: (1) whether the movant acted in good faith and reasonably and prosecuted the case diligently and vigorously; (2) whether a procedural impediment affects the ability to file a second action; and (3) whether either party will be substantially prejudiced. *Jepson,* 164 at 272 (quoting *Flynn*, 160 Ariz. at 192).

¶17            In total, Firestone's savings statute request was the following: "In the alternative, [Firestone] requests that this Court set a deadline within which it can refile the case under A.R.S. § 12-504(A)." There is no suggestion that Firestone did not act in good faith. As to the other factors, however, on "the facts and circumstances presented," the superior court found Firestone did not present particular circumstances justifying relief, concluding it did not act reasonably, did not prosecute its case diligently and vigorously and presented no proof of any procedural impediment or prejudice. Firestone has not shown those findings were an abuse of discretion. *Jepson*, 164 Ariz. at 274.

**CONCLUSION**

**¶18** The judgment is affirmed. Safire requests attorneys' fees and costs under A.R.S. §§ 12-341, -341.01 and -349. Although Safire's request under A.R.S. § 12-349 is denied, its request under A.R.S. §§ 12-341 and -341.01 is granted. Safire is awarded its reasonable attorneys' fees and taxable costs on appeal contingent upon its compliance with ARCAP 21.

