244 P.3d 92

LeAnne SHORT and Lawrence Short, a married couple, Plaintiffs/Appellants,

v.

Christian DEWALD, M.D. and Jane Doe Dewald, a married couple; Brian J. Frohna and Jane Doe Frohna, a married couple; Austin L. Spitzer, M.D. and Jane Doe Spitzer, a married couple; Valley Radiologists, Ltd., an Arizona corporation affiliated with Southwest Diagnos-

tic Imaging, Ltd., an Arizona corporation; William R. Friese, M.D. and Jane Doe Friese, a married couple; Banner Thunderbird Medical Center; Banner Health, an Arizona corporation, Defendants/Appellees.

LeAnne Short and Lawrence Short, a married couple, Plaintiffs/Appellants,

v.

Allan T. Sawyer, M.D. and Jane Doe Sawyer, a married couple; Edward H. Charles, M.D. and Jane Doe Charles, a married couple, Defendants/Appellees.

Nos. 1 CA–CV 08–0662, 1 CA–CV 08–0773.

Court of Appeals of Arizona, Division 1, Department E.

Dec. 28, 2010.

Law Office of Scott E. Boehm, PC By Scott E. Boehm, Co–Counsel for Plaintiffs/Appellants.

Law Office of Jeff Bouma, PC By Jeff Bouma, Phoenix, Co–Counsel for Plaintiffs/Appellants.

Jones, Skelton & Hochuli, PLC By Eileen Dennis GilBride, Stephen A. Bullington, Phoenix, Attorneys for Defendants/Appellees Dewald, et al.

Sanders & Parks, PC By Robin E. Burgess, Winn L. Sammons, Phoenix, Attorneys for Defendants/Appellees Sawyer.

Holloway Odegard Forrest & Kelly, PC By Vincent J. Montell, J.P. Harrington Bisceglia, Anthony J. Fernandez, Phoenix, Attorneys for Defendants/Appellees Friese.

The Doyle Firm PC By Judith A. Berman, D. Andrew Bell, Phoenix Attorneys for Defendants/Appellees Banner.

Campbell Yost Clare & Norell, PC By Sigurds M. Krolls, Erica J. Dickson, Phoenix, Attorneys for Defendants/Appellees Charles.

## OPINION

HALL, Judge.

¶ 1 Plaintiffs LeAnne and Lawrence Short appeal from the trial court's dismissal as to some defendants and summary judgment as to others of their medical malpractice claim. The Shorts filed this action outside the statute of limitations pursuant to relief granted in a previous action under Arizona Revised Statutes (A.R.S.) section 12–504(A) (2003), known as the savings statute. Defendants did not seek appellate review of that determination. Instead, defendants sought and obtained a ruling from the trial court in this action vacating the order granting savings statute relief in the prior action. Having vacated the relief under the savings statute, the trial court dismissed the Shorts' complaint. We conclude that the decision in the first action to grant relief was a final determination on that issue from which defendants could have sought appellate review. When they did not seek review, the determination became conclusive. Defendants therefore are precluded from relitigating the issue anew in this action, and the trial court erred by permitting them to do so. Accordingly, we reverse and remand with a direction that the complaint be reinstated as to all defendants.

## FACTS AND PROCEDURAL HISTORY

¶2 LeAnne and Lawrence Short filed a medical malpractice complaint, designated CV2006–019250 on December 16, 2006, naming more than forty individual and corporate defendants. The complaint alleged that, on December 17, 2004, Ms. Short underwent a laparoscopic tubal coagulation performed by defendant Dr. Allan Sawyer at defendant Banner Thunderbird Medical Center. The complaint further alleged that during the procedure, Dr. Sawyer perforated both Ms. Short's uterus and rectum resulting in infection; that subsequent radiologic scans to rule out a bowel injury were misread by defendant Doctors Christian Dewald and Austin Spitzer; and that as a consequence Ms. Short remained hospitalized until January 18, 2005. During that time, she was seen by a number of different doctors. She suffered peritonitis with a fever and underwent numerous procedures to remove fluid from her abdomen and chest, to drain abscesses in her liver, and to remove adhesions. She returned to the hospital for eight days in March 2005 for additional surgery during which her gallbladder was discovered to be encased in adhesions and was removed. In June 2005, Ms. Short underwent another procedure to drain additional abscesses. The Shorts contend that Ms. Short continues to experience pain and complications as a result of the surgery.

¶3 The Shorts served Dr. Sawyer and his professional corporation, Allan T. Sawyer MD, Ltd. (Sawyer Ltd.), on March 28, 2007, and served Dr. Edward Charles on March 29, 2007. They each answered the complaint.

¶4 On April 2, 2007, the Shorts filed a Motion to Extend Time for Service. The motion sought an additional ninety days and explained that the complaint named every physician involved in Ms. Short's care and that further time was needed to determine which defendants would be dismissed. The motion asserted that the Shorts still needed to obtain many medical records including radiologic films in the possession of the defendants. The Honorable Ruth H. Hilliard granted the request, extending the service time to July 15, 2007.

¶5 On June 28, 2007, the Shorts filed a second Motion to Extend Time for Service. The motion asserted that they had recently obtained radiographic images from the defendants and had to evaluate the opinions of their reviewing experts to determine which defendants to dismiss. The Honorable A. Craig Blakey granted the motion, extending the time of service another ninety days until October 15, 2007.

¶6 Defendants Banner Health d/b/a Banner Thunderbird Medical Center (Banner Health), Valley Radiologists, Ltd., Southwest Diagnostic Imaging Ltd., and Dr. William Friese were served between October 9 and October 11, 2007.

¶7 On October 12, 2007, the Shorts filed a third motion to extend for another ninety days. While that motion was pending, the Shorts served Doctors Spitzer, Dewald, and Brian Frohna, on October 16, November 13, and November 27, respectively.

¶8 Before the court ruled on the Shorts' third motion to extend, the Honorable Pendleton Gaines held a pretrial status conference. The court ordered that, before the next conference set for December 20,

> [A]ll counsel and all unrepresented parties will meet and confer and formulate a creative, meaningful proposal to the Court for getting this case fully disclosed, fully discovered, mediated and in a trial-ready posture by September 30, 2008. The Court would be willing to dismiss the case without prejudice for failure to prosecute and allow Plaintiffs six months within which to refile.

¶9 On December 11, 2007, Banner Health filed a Motion to Dismiss for Improper Service of Process. Banner Health argued that the Shorts had not exercised due diligence in trying to serve Banner Health and had not demonstrated "good cause" for the service extensions.

¶10 At a telephonic hearing on December 20, 2007, Judge Gaines asked defendants if they objected to dismissal of the case with leave to refile under the savings statute, which allows a plaintiff to refile an action after the limitations period has expired. A.R.S. § 12–504(A). Doctors Sawyer and

Charles objected on the grounds that they had been served almost a year earlier and wanted the case to move along. Banner Health indicated it did not object to the dismissal so long as its defenses were preserved-specifically its defense of untimely service on which it had filed its motion to dismiss; Valley Radiologists, Ltd., Southwest Diagnostic Imaging, and Doctors Dewald, Spitzer, and Frohna (the Radiology Defendants) and Friese agreed with Banner Health. The court explained that substantive defenses would be preserved but procedural defenses would not. After characterizing the posture of the case as an "absolute mess," the court stated:

> Apparently, there have been service issues. I'm being invited now by at least one of the defendants to essentially overrule at least one order and maybe two orders of Craig Blakey, who is an experienced medical malpractice attorney before he came on the bench and service and none of that makes any sense to me.

> It appears to me to be in all defendants' interests to have this case properly structured at the beginning. . . .

Judge Gaines then dismissed the action without prejudice with leave to refile pursuant to the savings statute. The court denied Banner Health's motion to dismiss as moot.

¶ 11 The Shorts filed this action on December 26, 2007, naming as defendants Doctors Sawyer, Charles, and Friese, Sawyer Ltd., Banner Health, and the Radiology Defendants. The second action proceeded before the Honorable Harriett Chavez.

¶ 12 On April 15, 2008, the Radiology Defendants filed a "Motion to Dismiss Re: Abatement and Statute of Limitations," in which it asked Judge Chavez to vacate Judge Gaines' order granting relief to the Shorts pursuant to the savings statute. The motion asserted that, in the prior action, the Shorts had failed to serve the individual radiology defendants—Doctors Dewald, Spitzer, and Frohna—until after the action had abated despite two extensions, that they did not show good cause for their failure to timely serve any of the Radiology Defendants within the 120 days required by Arizona Rules of Civil Procedure (Rule) 4(i), and that they could not meet their burden to justify relief under the savings statute. The Radiology Defendants argued that, if the savings statute relief were vacated, the action would be barred by the statute of limitations as to all the Radiology Defendants. Banner Health and Dr. Friese subsequently joined in the Radiology Defendants' motion.

¶ 13 The Radiology Defendants filed a Motion for Summary Disposition after the Shorts did not file a timely response to the motion. In an order granting the motion to dismiss, Judge Chavez vacated Judge Gaines' order and dismissed the Radiology Defendants, Banner Health, and Dr. Friese from the action with prejudice.[1]

¶ 14 Dr. Charles, who had been timely served in CV2006–019250, filed a motion for summary judgment on the grounds that the new action was barred by the statute of limitations given the court's ruling vacating Judge Gaines' order granting the Shorts the right to refile the action. Dr. Friese, Banner Health, Dr. Sawyer, and Sawyer Ltd. joined in the motion.

¶ 15 The court signed an order affirming its order dismissing Dr. Friese from the action. Judge Chavez also signed two additional orders each granting summary judgment in favor of Doctors Charles and Sawyer. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003) over the Shorts' appeals from the court's orders, which we have consolidated for review.[2]

---

1. The Shorts had previously sent correspondence to all defense counsel informing them that they were calendaring the motion to dismiss as one for summary judgment due to exhibits attached to the motion. After they received the court's dismissal order, the Shorts filed a motion for reconsideration arguing that the court erred by ruling on the motion before they responded and that the motion to dismiss was an improper horizontal appeal. In a separately filed response to the motion to dismiss, the Shorts further argued that Judge Gaines' ruling was final, "not some random act, but a carefully coordinated decision," and that the defendants' only remedy was an appeal. Judge Chavez denied the motion for reconsideration and struck the response.

2. Although the court did not dismiss Sawyer Ltd. until after the Shorts filed their notices of appeal, and the appeal was thus premature, we conclude that the subsequent dismissal cured the defect.

## DISCUSSION

¶ 16 The Shorts argue that Judge Chavez had no authority to vacate Judge Gaines' decision in the prior case granting relief pursuant to A.R.S. § 12–504. They contend that Judge Gaines' order was a final order that could not be vacated by another superior court judge and that none of the defendants in the refiled action had appealed from that order.

¶ 17 Defendants argue that they could not have appealed Judge Gaines' order because a dismissal without prejudice is not a final order from which defendants could have brought an appeal. Therefore, according to defendants, Judge Gaines' order did not bar Judge Chavez from reconsidering and vacating that order. We disagree because the order was both appealable and final.

¶ 18 Our appellate jurisdiction derives "wholly from statutory provisions." *Garza v. Swift Transp. Co.,* 222 Ariz. 281, 283, ¶ 12, 213 P.3d 1008, 1010 (2009) (internal quotation omitted). "With certain exceptions ..., the power of [an appellate court] to review judgments of the superior courts is limited by A.R.S. § 12–2101(B) to appeals 'from a final judgment.'" *Id.* (quoting *Rueda v. Galvez,* 94 Ariz. 131, 132, 382 P.2d 239, 239 (1963)).

¶ 19 One such exception, codified at A.R.S. § 12–2101(D) (2003), permits a party to appeal from the superior court "any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken." Even assuming that Judge Gaines' order was not a final judgment in the sense contemplated by § 12–2101(B), *but see infra* n.5, it was nonetheless appealable pursuant to § 12–2101(D).

See *Barassi v. Matison,* 130 Ariz. 418, 421–22, 636 P.2d 1200, 1203–04 (1981) (premature appeal need not be dismissed when court subsequently enters final judgment). We also conclude that the entry of judgment against Sawyer Ltd., which disposed of the last defendant in the action and so constitutes the final disposition of the case, cured any possible defects in finality of the various orders entered in this case. *See id.* (final order last in time cures any Rule 54(b) defect in prior judgment).

¶ 20 LeAnne Short underwent surgery on December 17, 2004. The Shorts' complaint was based on her surgery and her treatment during the first six months after surgery. The statute of limitations for a medical malpractice claim is two years. A.R.S. § 12–542 (2003). Therefore, the statute of limitations had expired by the time Judge Gaines issued his order to dismiss and none of the parties suggest otherwise. Within the same order, however, Judge Gaines also granted the Shorts relief pursuant to the savings statute. Thus, Judge Gaines' ruling granting savings statute relief affected "a substantial right," namely, the defendants' right to enforce the statute of limitations as an absolute bar to the Shorts' claims against them. Viewed in its entirety, Judge Gaines' order dismissing the action without prejudice and granting relief under the savings statute prevented the entry of "a final judgment from which an appeal might be taken." *See State v. Boehringer,* 16 Ariz. 48, 51, 141 P. 126, 127 (1914) ("An order of dismissal without prejudice is not a final determination of the controversy on its merits, and is no bar to the prosecution of another suit timely commenced, founded upon the same cause of action. An appeal from such order may be prosecuted, however, ... when such order in effect determines the action and prevents final judgment from which an appeal might be taken."); *see also Garza,* 222 Ariz. at 284, ¶ 15, 213 P.3d at 1011 (explaining that the "classic example of an order falling under § 12–2101(D) is a dismissal without prejudice entered after the statute of limitations has run. Absent a savings statute, unless that non-final order can be appealed, it in effect determines the action, as any refiled action would be barred") (internal quotation omitted). Therefore, the order granting the Shorts saving statute relief was appealable pursuant to A.R.S. § 12–2101(D).[3]

---

3. Banner argues that the Shorts voluntarily dismissed their complaint and that a voluntary dismissal without prejudice is not an appealable order. *See Grand v. Nacchio,* 214 Ariz. 9, 15, ¶ 12, 147 P.3d 763, 769 (App.2006). Although the Shorts acquiesced in the court's action, we cannot find this to be a voluntary dismissal. We therefore need not consider whether a voluntary dismissal would have produced a different result.

¶ 21 Defendants also argue that Judge Gaines' order, even if appealable, was not "final" and that Judge Chavez could therefore properly reconsider and vacate that order. As we have previously held, however, a judgment dismissing an action without prejudice may be sufficiently final for purposes of issue preclusion.[4] *See Schalkenbach Found. v. Lincoln Found., Inc.,* 208 Ariz. 176, 180–81, ¶¶ 18–20, 91 P.3d 1019, 1023–24 (App.2004); *see also Elia v. Pifer,* 194 Ariz. 74, 80–81, ¶¶ 32–34, 977 P.2d 796, 802–03 (App.1998) (holding availability of special action review rendered a contempt order sufficiently final to be accorded preclusive effect in a subsequent action). In both of these cases, we relied on the Restatement (Second) of Judgments § 13 (1982), which provides that "for purposes of issue preclusion ..., 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." As explained in comment (a) to § 13, a final judgment is "a firm and stable one, the 'last word' of the rendering court—a 'final judgment' as opposed to one that is considered 'merely tentative in the very action in which it was rendered.' "[5]

¶ 22 Judge Gaines' order dismissing the action without prejudice for failure to prosecute and granting relief under the savings statute was the last and dispositive order rendered in CV2006–019250. The order was not tentative and left nothing to be determined in that action. It was, therefore, a final judgment with respect to that action and, when the defendants failed to appeal it, precluded any other judge from reconsidering that order. *See Lemons v. Superior Court,* 141 Ariz. 502, 504, 687 P.2d 1257, 1259 (1984) ("When a final judgment is involved one superior court judge has no jurisdiction to review or change the judgment of another superior court judge.") (citing *Fraternal Order of Police v. Superior Court,* 122 Ariz. 563, 596 P.2d 701 (1979)); *see also Osuna v. Wal–Mart Stores, Inc.,* 214 Ariz. 286, 289, ¶ 10, 151 P.3d 1267, 1270 (App.2007) (recognizing that "a dismissal without prejudice is 'final' insofar as the trial court no longer has jurisdiction to grant affirmative relief to the parties.") (internal quotation omitted).

¶ 23 All of the defendants had been served in CV2006–019250 and were represented at the status conferences leading up to Judge Gaines' decision to dismiss the action. If any of the defendants believed that abatement required dismissal with prejudice or that relief under the savings statute was inappropriate, they needed to make those arguments in CV2006–019250 and appeal any adverse ruling.

¶ 24 Because defendants did not appeal from the order in CV2006–019250 granting relief under the savings statute, the Shorts were entitled to file a new complaint with a new service period. Ariz. R. Civ. P. 4(i). Any service defects in CV2006–019250 had no bearing on the new action in CV2007–070678.

¶ 25 Banner Health nonetheless argues that it could raise its abatement defense in the subsequent action even if Judge Gaines' ruling granting relief under the savings statute was a final, appealable order. Banner Health bases its argument on A.R.S. § 12–504(C), which provides that when a new action for the same cause is commenced after relief has been granted under the savings clause, a defendant may assert *any* defense in the new action "if it was or could have been timely asserted in the prior action."

¶ 26 We review issues of statutory construction de novo. *See State v. Gomez,* 212 Ariz. 55, 56, ¶ 3, 127 P.3d 873, 874 (2006). Our goal in interpreting a statute is to give

---

4. For the doctrine of issue preclusion to apply: (1) the issue must have been actually litigated in a previous proceeding, (2) the parties must have had a full and fair opportunity and motive to litigate the issue, (3) a valid and final decision on the merits must have been entered, (4) resolution of the issue must be essential to the decision, and (5) there must be a common identity of the parties. *Schalkenbach Found. v. Lincoln Found., Inc.,* 208 Ariz. 176, 180, ¶ 18, 91 P.3d 1019, 1023 (App.2004).

5. The Restatement also concludes that a dismissal without prejudice is a final judgment for the defendant. Restatement (Second) of Judgments § 20(1)(b). Given our determination that Judge Gaines' order was appealable pursuant to A.R.S. § 12–2101(D), we need not consider whether such an order might be appealable as a final judgment under § 12–2101(B).

effect to legislative intent. *Mail Boxes, etc., U.S.A. v. Indus. Comm'n of Ariz.*, 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995). Statutory language that is clear and unambiguous "is normally conclusive unless clear legislative intent to the contrary exists or impossible or absurd consequences would result." *Hosea v. City of Phoenix Fire Pension Bd.*, 224 Ariz. 245, 250, ¶ 23, 229 P.3d 257, 262 (App. 2010) (citation omitted). However, when construing a statute, "we examine its individual provisions in the context of the entire statute to achieve a consistent interpretation." *State v. Gaynor–Fonte*, 211 Ariz. 516, 518, ¶ 13, 123 P.3d 1153, 1155 (App.2005) (quotation omitted); *see also State v. Wagstaff*, 164 Ariz. 485, 491, 794 P.2d 118, 124 (1990) ("We strive to construe a statute and its subsections as a consistent and harmonious whole.").

¶ 27 Section 12–504 provides, in relevant part:

A. If an action is commenced within the time limited for the action and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff ... may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination. If an action timely commenced is terminated by abatement, voluntary dismissal by order of the court or dismissal for lack of prosecution, the court in its discretion may provide a period for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired. Such period shall not exceed six months from the date of termination.

. . . .

C. If a new action on the same cause of action is commenced by the plaintiff ..., the assertion of any cause of action or defense by the defendant in the new action is timely if it was or could have been timely asserted in the prior action.

¶ 28 The second sentence of § 12–504(A) provides that when certain procedural defects have occurred resulting in dismissal, the plaintiff can refile only with leave to do so from the court. A court that grants such relief necessarily has considered the defects

and determined that the plaintiff should be permitted to start again, in essence, with a clean slate. The very purpose of the statute is to allow plaintiffs to cure such defects. *In the Matter of the Forfeiture of $3,000.00 U.S. Currency*, 164 Ariz. 120, 121, 791 P.2d 646, 647 (App.1990) (the statute "was aimed at allowing litigants to cure defects after the statute of limitations had run so long as the opposing party had notice of the claim"). If we were to interpret § 12–504(C) as urged by Banner Health, any relief granted under the statute would be uncertain pending further review by the trial court in the subsequently filed action. Because such a result would defeat the purpose of the relief granted under § 12–504(A), we do not construe subsection C as preserving defenses related to procedural defects unique to the prior case. Accordingly, we reject Banner Health's claim that § 12–504(C) entitled it to seek dismissal of this action on the ground that the prior action had abated.

## CONCLUSION

¶ 29 Judge Gaines' ruling was an appealable order from which appellees could have sought appellate review but did not. Moreover, even though the prior case was dismissed without prejudice, the order granting relief under the savings statute was final for purposes of issue preclusion. Accordingly, the trial court lacked jurisdiction to vacate the decision of Judge Gaines in CV2006–019250 granting relief under the savings statute.

¶ 30 The trial court's decisions dismissing the Shorts' action as to Banner Health, the Radiology Defendants and Dr. Friese, and granting summary judgment in favor of Dr. Charles, Dr. Sawyer, and Sawyer Ltd. were based on the vacating of Judge Gaines' order. Because the court erred when it vacated that order, we reverse the trial court's decisions granting dismissal and summary judgment against the Shorts and remand with a direction that the complaint be reinstated.

CONCURRING: DONN KESSLER and PATRICIA A. OROZCO, Judges.