251 P.3d 417

Kevin and Ann **REEVES**; Loretta Brutz; Mae Y. John; and Frances Legah, Plaintiffs/Appellants,

v.

Tyrone **BARLOW**; Thomas Jackson, in their capacity as employees of the Window Rock Public School District; and Window Rock Public School District, an Arizona public school, Defendants/Appellees.

No. 1 CA–CV 10–0328.

Court of Appeals of Arizona, Division 1, Department A.

April 12, 2011.

David R. Jordan, Gallup, New Mexico, Attorney for Appellants.

Hufford, Horstman, Mongini, Parnell & Tucker, P.C. By Patrice M. Horstman, Flagstaff, Attorneys for Appellees.

## OPINION

HALL, Judge.

¶ 1 Kevin Reeves, Ann Reeves, Loretta Brutz, Mae Y. John, and Frances Legah (collectively, appellants) filed a complaint in the superior court seeking a writ of mandamus compelling the Window Rock Unified School District (the School District) to include them as teachers eligible to participate in the School District's performance based compensation system (the compensation system) established by Arizona Revised Statutes (A.R.S.) section 15–977 (Supp. 2010). The superior court denied mandamus relief, reasoning that the School District had discretion in determining whether to define "teacher" in such a manner as to include them. We conclude that a school district employee who does not possess a teaching certificate may not participate in the compensation system. Four appellants do not possess a teaching certificate; therefore, they could not be included in the compensation system. The re-

maining appellant holds a teaching certificate, but was not employed in a position that required one. As to her, we agree with the superior court that the School District had discretion to determine whether she was a "teacher" entitled to participate in the compensation system. Because none of the appellants is entitled to mandamus relief, we affirm the superior court's order granting summary judgment to the School District.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The following facts are undisputed. In 2000, the Legislature adopted A.R.S. § 15–977, creating the classroom site fund to provide additional funding to school districts and charter schools, contingent upon voter approval of Proposition 301 at the subsequent election. 2000 Ariz. Sess. Laws, ch. 1, § 16. On November 8, 2000, voters approved Proposition 301, which increased the state transaction privilege tax rate by 0.6% to fund specific education programs, including the classroom site fund.

¶ 3 As set forth in A.R.S. § 15–977(A), (B), each school district must adopt a performance based compensation system to allocate funding from the classroom site fund. Before adopting such a system, the school district governing board must vote on a system that contains eleven enumerated elements, including the approval "of at least seventy per cent of the teachers eligible to participate."[1] A.R.S. § 15–977(C)(9). The school district may then allocate the classroom site funds according to the statutory guidelines. A.R.S. § 15–977(A).

¶ 4 In January 2008, each appellant was employed by the School District. Kevin Reeves was a physical therapist, Ann Reeves was a psychologist, Loretta Brutz was a speech therapist/pathologist, Mae Y. John was a speech language pathologist and Frances M. Legah was a registered nurse. Only Loretta Brutz holds a teaching certificate.

¶ 5 On January 14, 2008, appellants filed a complaint against the School District and Tyrone Barlow and Thomas Jackson, in their official capacities as employees of the School District, asserting an action in mandamus. Appellants claimed that the School District failed to perform duties "required by law." Specifically, appellants argued that A.R.S. § 15–977 required the School District to submit a proposed performance based compensation system to all teachers eligible to participate in the system for a vote, and that they, as a matter of law, are teachers eligible to participate in the performance based compensation system and the School District had no discretion to interpret "teacher" in a manner to exclude them.

¶ 6 In its answer, the School District countered in relevant part that appellants are not "teachers" eligible to participate in the compensation system. The School District then filed a motion for summary judgment arguing that appellants failed to meet their burden of proving that they, as a matter of law, are "teachers" eligible to participate in the compensation system. In making this argument, the School District acknowledged that the Arizona Attorney General, after reviewing the statute and its legislative history, opined that the classroom site funds are not limited to employees who meet the definition of "certified teacher" or "certificated teacher," but rather the general term "teacher" as used in A.R.S. § 15–977 may encompass "others employed at public schools to provide instruction to students relating to the school's educational mission." Op. Ariz. Att'y Gen. 101–014. The School District noted, however, that the Attorney General ultimately concluded that school districts must determine which employees qualify as a "teacher" on an ad hoc basis. *Id.* Thus, the School District argued, it reasonably exercised its discretion when it determined that appellants do not qualify as teachers.

¶ 7 In response, appellants reasserted their argument that A.R.S. § 15–977 does not grant school districts discretion to determine which employees qualify as "teachers eligible to participate in the performance based compensation system." They also ar-

---

1. Charter schools, which are permitted to employ as teachers persons who do not hold a teaching certificate, *see* A.R.S. § 15–183(E)(5) (charter schools are generally exempt "from all statutes and rules relating to schools, governing boards and school districts"), are not required to establish a performance based compensation system. *See* A.R.S. § 15–977(B).

gued that, "using almost any definition of the term," they qualify as "teachers."

¶ 8 The superior court granted the School District's motion for summary judgment, stating in relevant part:

> The decision-making process described by the Attorney General [in Op. Ariz. Att'y Gen. 101–014] necessarily involves exactly the sort of discretion that [appellants] insist the [School District] does not have. It is important to note that since [appellants] are seeking a writ of mandamus, they may not demand that this court substitute their view of who is and who is not a "teacher" for that of the [School District]. Instead, they must ultimately persuade the court to conclude, as a matter of law, that the [School District] was required, rather than merely permitted, to employ a definition of "teacher" in structuring participation in the classroom site fund which included them. This court concludes instead that defining "teacher" as including "psychologist," "therapist," "pathologist" or "nurse" is not required by law and is not "an act which the law specially imposes as a duty resulting from an office" as required by A.R.S. § 12–2021.

¶ 9 Appellants timely appealed. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## DISCUSSION

■ ¶ 10 "Mandamus is a remedy used to compel a public officer to perform a duty required by law." *Yes on Prop 200 v. Napolitano,* 215 Ariz. 458, 464, ¶ 9, 160 P.3d 1216, 1222 (App.2007); *see also* A.R.S. § 12–2021 (2003). "Mandamus does not lie if the public officer is not specifically required by law to perform the act." *Sears v. Hull,* 192 Ariz. 65, 68, ¶ 11, 961 P.2d 1013, 1016 (1998) (internal quotation omitted). "Because a mandamus action is designed to compel performance of an act the law requires, the general rule is that if the action of a public officer is discretionary that discretion may not be controlled by mandamus." *Id.* (internal quotation omitted).

¶ 11 As a preliminary matter, we address whether any of the appellants are "teachers"

within the contemplation of A.R.S. § 15–977. If a school district employee is not a teacher, then that employee is not entitled to be considered for performance based compensation. Indeed, a school district that permitted a non-teacher to participate in the compensation system would exceed its authority under A.R.S. § 15–977.

■ ¶ 12 We review issues of statutory construction de novo. *Short v. Dewald,* 226 Ariz. 88, 93, ¶ 26, 244 P.3d 92, 97 (App.2010). "Our goal in interpreting a statute is to give effect to legislative intent." *Id.* at 93–94, ¶ 26, 244 P.3d at 97–98. "Statutory language that is clear and unambiguous is normally conclusive unless clear legislative intent to the contrary exists or impossible or absurd consequences would result." *Id.* at 94, ¶ 26, 244 P.3d at 98 (internal quotation omitted). When construing a statute, "we examine its individual provisions in the context of the entire statute to achieve a consistent interpretation." *Id.* (internal quotation omitted). Indeed, "if statutes relate to the same subject and are thus *in pari materia,* they should be construed together ... as though they constituted one law." *Pima County by City of Tucson v. Maya Constr. Co.,* 158 Ariz. 151, 155, 761 P.2d 1055, 1059 (1988). Finally, we will affirm the superior court's judgment "even though the [ ] court may have reached the right result for the wrong reason." *City of Phoenix v. Geyler,* 144 Ariz. 323, 330, 697 P.2d 1073, 1080 (1985).

■ ¶ 13 As noted above, A.R.S. § 15–977(C)(9) requires school districts to vote on a performance based compensation system that, among other things, has been approved by "seventy per cent of the teachers eligible to participate[.]" Neither A.R.S. § 15–977 nor any other provision of Title 15 defines the word "teacher." A related statute governing the employment of school district personnel, however, provides: "A teacher shall not be employed if the teacher has not received a certificate for teaching granted by the proper authorities." A.R.S. § 15–502(B) (Supp.2010). Thus, although the word "teacher" is not specifically defined by statute, A.R.S. § 15–502(B) makes it clear that a school district may not employ as a teacher anyone who has not received a teaching certificate. Accordingly, even though the Legis-

lature did not limit "teacher" in A.R.S. § 15–977(C)(9) with qualifying terms such as "certified," "certificated," or "classroom" as it did in other provisions,[2] A.R.S. §§ 15–502(B) and –977(C)(9), when read together, establish that the class of persons eligible to participate in the compensation system as "teachers" is limited to persons who have the requisite teaching certificate. Because Kevin Reeves, Ann Reeves, Mae John, and Frances Legah do not hold teaching certificates, the School District could not have permitted them to participate in the compensation system, let alone be compelled to do so.[3]

¶ 14 Appellant Loretta Brutz's situation, however, is different because she holds a teaching certificate and therefore meets the threshold eligibility requirement to participate in the compensation system. It is uncontroverted, however, that she was not required to possess a teaching certificate for her position as a speech therapist. We conclude that, under A.R.S. § 15–977, a school district retains discretion to determine whether employees who possess a teaching certificate, but are not employed in positions requiring such, are eligible to participate in the compensation system. Therefore, Brutz's claim that the School District was required, as a matter of law, to allow her to participate in the compensation system fails.

## CONCLUSION

¶ 15 For the foregoing reasons, we affirm the superior court's denial of appellants' request for mandamus relief.

CONCURRING: JON W. THOMPSON and LAWRENCE F. WINTHROP, Judges.

---

**2.** *See* A.R.S. § 15–901(B)(5) (defining "certified teacher" as a person who is "certified as a teacher pursuant to the rules adopted by the state board of education"); *see also* A.R.S. § 15–501(2) (defining a "certificated teacher" as a "person who holds a certificate from the state board of education ... who is employed under contract in a school district in a position which requires certification except a psychologist or an administrator devoting less than fifty per cent of his time to classroom teaching"); A.R.S. § 15–977(P)(2) (defining "class size reduction" as expenditures designed to reduce the ratio of pupils to "classroom teachers").

**3.** To the extent the Attorney General's opinion on this issue is contrary, *see* Op. Ariz. Att'y Gen. I01–014, we disagree with it. *See Marston's Inc. v. Roman Catholic Church of Phoenix*, 132 Ariz. 90, 94, 644 P.2d 244, 248 (1982) ("Attorney General Opinions are advisory only and are not binding on the court.").