In re HEPARIN PRODUCTS
LIABILITY LITIGATION.

Mustapha Nya and Kendra Davis, as Joint Special Administrators of the Estate of Katherine Nya, Deceased, Plaintiffs–Appellants,

v.

Baxter International, Inc.; Baxter Healthcare Corporation; Scientific Protein Laboratories, LLC; B. Braun Medical, Inc.; American Capital, Ltd., f/k/a American Capital Strategies Ltd., Defendants–Appellees.

No. 15–3123.

United States Court of Appeals, Sixth Circuit.

Oct. 14, 2015.

Before: BATCHELDER, ROGERS, and COOK, Circuit Judges.

COOK, Circuit Judge.

This multi-district products liability litigation arises out of the manufacture and sale of heparin, a clinical drug used to prevent blood clotting. Plaintiffs allege that contaminated heparin manufactured by Defendants was administered to Katherine Nya during open-heart surgery, causing serious injury and death. The district court dismissed the complaint for Plaintiffs' failure to obtain leave of court under Arizona's savings statute before filing their untimely claims. We AFFIRM.

I.

Baxter Healthcare Corporation is an international healthcare company that manufactures heparin, a blood thinner used in cardiac and other medical procedures. *See In re Heparin Prods. Liab. Litig.*, 803 F.Supp.2d 712, 720–21 (N.D.Ohio 2011). Mustapha Nya and Kendra Davis, as joint administrators of Katherine Nya's estate (Plaintiffs), filed suit in Illinois state court in 2009 against Baxter International, Inc., Baxter Healthcare Corporation, B. Braun

Medical, Scientific Protein Laboratorie, LLC, and American Capital, Ltd. (Defendants). The complaint alleged that on three separate occasions Ms. Nya was administered contaminated heparin manufactured by Defendants.

In August 2012, the Illinois state court granted Plaintiffs' counsel leave to withdraw as counsel of record. Defendants moved for summary judgment in April 2013, and Plaintiffs voluntarily dismissed their complaint on November 19, 2013.

Purportedly relying on Arizona's savings statute, Plaintiffs refiled their complaint in Arizona state court on April 8, 2014, after the statute of limitations for their claims had expired. *See* Ariz.Rev.Stat. § 12–542. Defendants removed the case to the District of Arizona, and the United States Judicial Panel on Multidistrict Litigation transferred the case to the Northern District of Ohio.

Defendants again moved for summary judgment alleging (1) that Plaintiffs had not shown that Ms. Nya's injuries were caused by contaminated heparin, let alone contaminated heparin manufactured by Defendants, and (2) that the complaint was untimely because Plaintiffs, having refiled their complaint without leave of court, failed to properly invoke the savings statute. The district court granted summary judgment on both grounds. It reasoned that Plaintiffs "failed to comply with procedural requirements under [Arizona] law for invoking the savings statute," and also agreed that Plaintiffs failed to show that Ms. Nya "either received contaminated heparin ... or experienced any of the reactions a plaintiff's medical records must show she experienced within sixty minutes of receiving heparin."

Plaintiffs then filed a Rule 59(e) motion to alter or amend the judgment and sought leave to refile under the savings statute. As grounds for altering the judgment, Plaintiffs offered evidence obtained from former counsel purporting to show that Ms. Nya was administered Defendants' heparin and exhibited symptoms within sixty minutes. The district court denied the motion to amend because the evidence was available prior to summary judgment and, in any event, did not support Plaintiffs' case. The court's decision bypassed Plaintiffs' leave-to-refile request.

Plaintiffs now appeal the grant of summary judgment and denial of their Rule 59(e) motion to alter or amend summary judgment and motion for leave to file under the savings statute.

## II.

Defendants press for abuse-of-discretion review and we indeed apply that deferential standard when reviewing the equitable factors permitting refiling under Arizona's savings statute. *Perry v. Cnty. of Maricopa*, 167 Ariz. 458, 808 P.2d 343, 345–46 (Ct.App.1991); *Jepson v. New*, 164 Ariz. 265, 792 P.2d 728, 737 (1990). But here a legal judgment—the absence of the requisite leave of court—drove the district court to grant summary judgment on statute-of-limitations grounds, warranting fresh review and preempting any equitable consideration. *See Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir.2001); *Panzica v. Corr. Corp. of Am.*, 559 Fed. Appx. 461, 463 (6th Cir.2014).

## III.

Plaintiffs concede untimeliness under Arizona's statute of limitations and their failure to obtain prior leave of court that would have "saved" the complaint. Ariz. Rev.Stat. § 12–542. Yet Plaintiffs nevertheless argue that obtaining leave of court is not an absolute precondition to refiling under Arizona law. They point to Arizona's savings statute that provides for

relief from a statute-of-limitations bar in two situations, captured in two consecutive sentences.

The first-sentence exception provides that when the plaintiff's prior action was "terminated in any manner *other than* by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits," the plaintiff may, as a matter of right, refile the untimely complaint within six months. Ariz.Rev.Stat. § 12–504(A) (emphasis added). By contrast, the second-sentence exception—applicable where the plaintiff's prior action *was* "terminated by abatement, voluntary dismissal by order of the court, or dismissal for lack of prosecution"—allows the refiling of an untimely complaint only if the court, in its discretion, permits refiling. *Id.* The time period for which the court may grant leave to refile "shall not exceed six months from the date of termination." *Id.*

We agree with the district court's understanding of the Arizona savings statute as requiring leave of court before refiling an untimely complaint. *See Bertrand v. Indus. Dev. Auth.,* No. Civ 89–1087, 1990 WL 264525, at *3 (D.Ariz. Sept. 13, 1990); *Short v. Dewald,* 226 Ariz. 88, 244 P.3d 92, 98 (Ct.App.2010). In *Bertrand* the court observed that "[a] close reading of the second [sentence] of § 12–504(A) contemplates that the party seeking to rely on the 'savings statute' should request a period of time up to six months within which to file a new action...." 1990 WL 264525 at *3. The court went on to grant summary judgment to the defendants because "[n]o such request was made in this case." *Id.* Similarly, *Short* held that "[t]he second sentence of § 12–504(A) provides that when certain procedural defects have occurred resulting in dismissal, the plaintiff can refile only with leave to do so from the court." 244 P.3d at 98.

Plaintiffs unpersuasively attempt to distinguish these cases and offer no contrary authority to support their position. For example, Plaintiffs argue that *Bertrand's* use of the word "should" was precatory—that it was merely "suggesting the proper course of action," rather than imposing an absolute requirement. *Bertrand* itself contradicts that stance. *Bertrand,* 1990 WL 264525 at *3.

Plaintiffs also seek to distinguish *Bertrand* as decided on other grounds, specifically, that the savings statute was inapplicable to two complaints filed by different parties. True enough, but both grounds—including the absence of a request to refile—independently supported the court's holding. *Bertrand,* 1990 WL 264525 at *3.

Likewise, Plaintiffs incorrectly analyze the *Short* case, positing that "voluntary dismissal" is not a "certain procedural defect[ ]" for which the *Short* court would insist on leave to refile. (Reply Br. at 8–9.) This is not so. The *Short* court used the words "procedural defects" in paraphrasing the language of § 12–504(A); it was not stating that only *some* second-sentence dismissals require leave. *Short,* 244 P.3d at 98. And though Plaintiffs press that *Short* "went out of its way to specifically exclude voluntary dismissals" from this requirement, our reading of the opinion reveals no such exclusion. The footnote Plaintiffs cite discusses the appealability of the order, not whether voluntary dismissals require leave before refiling. *Short,* 244 P.3d at 97 n. 3.

Other Arizona cases support our take on § 12–504(A) regarding the need for leave of court before refiling. *See, e.g., Schwartz v. Ariz. Primary Care Physicians,* 192 Ariz. 290, 964 P.2d 491, 495 (Ct.App.1998). And the language of the statute itself explains that refiling is not automatic: the district court "provide[s] for a period for commencement of a new

action." Ariz.Rev.Stat. § 12–504(A). The district court properly granted summary judgment on the grounds that the complaint was untimely and not saved by § 12–504(A).[1]

## IV.

For these reasons, we AFFIRM the district court's judgment.

---

1. Although the district court did not address Plaintiffs' later request for leave to refile in its ruling on the motion to alter or amend judgment, it could not have granted such a request, given that any refiling would have "exceed[ed] six months from the date of [the prior] termination." Ariz.Rev.Stat. § 12–504(A). Plaintiffs voluntarily dismissed the Illinois case on November 19, 2013. They moved for leave to refile on December 1, 2014, more than a year later.