IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of the Estates of:

YAFIT BUTWIN
JAMES BUTWIN
Deceased.

ESTATE OF YAFIT BUTWIN; AISHA ZRIHAN, *Appellants*,

*v.*

ESTATE OF JAMES C. BUTWIN; C&C ACQUISITIONS, LLC; HATTEN
REAL ESTATE OF SCOTTSDALE, LLC; HATTEN REAL ESTATE OF
MESA, LLC; 2500 SOUTH POWER, LLC; and 2626 EAST UNIVERSITY,
LLC, *Appellees*.

No. 1 CA-CV 15-0034
FILED 4-19-2016

Appeal from the Superior Court in Maricopa County
Nos. PB2012-001436
PB2012-091089
(Consolidated)

The Honorable Edward W. Bassett, Judge

**AFFIRMED**

COUNSEL

McNemar Law Offices PC, Phoenix
By T. Troy McNemar
*Counsel for Appellant Estate of Yafit Butwin*

Sherrets Bruno & Vogt LLC, Omaha, NE
By James D. Sherrets
*Counsel for Appellant Aisha Zrihan*

Hoopes Adams & Alexander PLC, Chandler
By Ryan M. Scharber and Ronald P. Adams
*Counsel for Appellee Estate of James Butwin*

Squire Patton Boggs (US) LLP, Phoenix
By Donald A. Wall and Kerryn L. Holman
*Counsel for Appellees C&C Acquisitions, LLC; Hatten Real Estate of Scottsdale, LLC; Hatten Real Estate of Mesa, LLC; 2500 South Power, LLC; and 2626 East University, LLC*

---

**OPINION**

Judge Donn Kessler delivered the opinion of the Court, in which Presiding Judge Peter B. Swann and Judge Lawrence F. Winthrop joined.

---

**K E S S L E R**, Judge:

¶1        The Estate of Yafit Butwin ("Yafit's Estate") and Yafit's mother and sole heir, Aisha Zrihan (collectively, "Appellants"), appeal the probate court's denial of a motion for summary judgment brought by Yafit's Estate and joined by Zrihan. The court's order effectively denied Appellants' request for the establishment of a constructive trust over the assets of James Butwin's estate ("James' Estate") based on his murder of Yafit Butwin and their children. For the following reasons, we affirm the court's ruling.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In June 2012, James Butwin was found dead along with his wife, Yafit Butwin, and their three children in an apparent murder-suicide.

2

Probate proceedings were initiated to administer Yafit's Estate and James' Estate, and the cases were consolidated in October 2012.

¶3          After the Butwins' deaths, Appellees C&C Acquisitions, LLC; Hatten Real Estate of Scottsdale, LLC; Hatten Real Estate of Mesa, LLC; 2500 South Power, LLC; and 2626 East University, LLC (collectively, the "Creditors") discovered James Butwin had embezzled nearly one million dollars from the Creditors in his capacity as the Creditors' property manager. They asserted claims against James' Estate and obtained judgments in January 2014 in the amounts stolen, $965,000 in total.

¶4          In August 2012, Zrihan filed a separate complaint for wrongful death against James' Estate. Zrihan was awarded damages of $1,090,000 in the wrongful death action in late 2014. The assets in James' Estate are insufficient to satisfy both the Creditors' and Zrihan's judgments.

¶5          Zrihan filed a petition for a constructive trust on James' Estate. In May 2013, Zrihan moved for partial summary judgment as to James Butwin's criminal accountability for killing Yafit Butwin. The motion asserted that "[s]uch a finding entitle[d] Mrs. Zrihan to a constructive trust on all property in [James' Estate] as a matter of law" pursuant to Arizona Revised Statutes ("A.R.S.") section 14-2803(F) ("Subsection F") and (K) ("Subsection K") (Supp. 2015),[1] and clarified that Zrihan sought the trust to "secure any judgment arising from the wrongful death action." The probate court partially granted the motion, finding by a preponderance of the evidence that "James Butwin was 'criminally accountable' for the felonious and intentional killing of" Yafit Butwin pursuant to Subsection F. However, the court "declin[ed] to consider whether there should be a constructive trust pursuant to [Subsection K] on all property in [James' Estate] to secure any judgment arising from the wrongful death action."

¶6          Yafit's Estate also petitioned for a constructive trust on James' Estate to secure payment of the wrongful death judgment. In May 2014, Yafit's Estate moved for summary judgment, arguing that (1) A.R.S. § 14-2803 allows a decedent's estate to petition the court to impose a constructive trust, and (2) such a constructive trust would have priority over any claims made or judgments obtained after the time of the killer's act because the

---

[1] We cite the current version of applicable statutes when no revisions material to this decision have since occurred. Although A.R.S. § 14-2803(K) took effect on August 2, 2012, it "applies to crimes committed before the effective date of [the] act." *See* 2012 Ariz. Sess. Laws, ch. 277, § 2 (2d Reg. Sess.).

trust attaches at "the time of the killer's act that caused the death," A.R.S. § 14-2803(K). Zrihan joined in the motion.

¶7        The probate court denied the motion, stating that imposition of a constructive trust pursuant to Subsection K required the "killer [to] have suffered a 'criminal conviction.'" The court concluded that "[b]ecause no 'criminal conviction' of James Butwin occurred," Subsection K was inapplicable. Alternatively, the court held that even if the statute did apply, Appellants still would not receive the scope of relief sought because the statute did not affect priority of claims by estate creditors. Because no triable issues of fact existed, the court entered the ruling as a final judgment.

¶8        Appellants timely filed a notice of appeal. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(9) (Supp. 2015).[2]

## DISCUSSION

¶9        When reviewing a motion for summary judgment, "we determine *de novo* whether any genuine issues of material fact exist and whether the trial court properly applied the law." *Rand v. Porsche Fin. Servs.*, 216 Ariz. 424, 429, ¶ 15 (App. 2007). The facts in this case are not in dispute, and all arguments on appeal address issues of statutory construction, which we review de novo. *Short v. Dewald*, 226 Ariz. 88, 93, ¶ 26 (App. 2010).

¶10       When interpreting a statute, we first look to the plain language of the statute as the best indicator of legislative intent. *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 52, ¶ 14 (App. 2009). "When statutory language is clear and unambiguous, we give effect to it and do not use other methods of statutory interpretation." *Id.* (internal quotation marks and

_____

[2] Although a denial of a motion for summary judgment is not typically an appealable order, "this [C]ourt may review such an order when the denial is based strictly on a point of law." *Hauskins v. McGillicuddy*, 175 Ariz. 42, 49 (App. 1992). The parties stipulated and the probate court properly found that there were no disputed issues of fact, and the court's ruling was based solely on the issue of Subsection K's effect. Additionally, Arizona probate law "permits appeal of the final disposition of each formal proceeding instituted in an unsupervised administration." *In re Estate of McGathy*, 226 Ariz. 277, 280, ¶ 17 (2010). We hold that the judgment is appealable because it finally resolved the only claim left in the probate matter: the competing claims of the Creditors and the Appellants to James' Estate.

citation omitted). We must, if reasonably possible, give effect to each word in a statute. *Williams v. Thude*, 188 Ariz. 257, 259 (1997).

**¶11** Section 14-2803, Arizona's "slayer statute," *Castro*, 222 Ariz. at 50, ¶ 1, prevents a person who feloniously and intentionally kills another from receiving any benefits or property belonging to his victim, *id.* at 53, ¶ 16. *See also* A.R.S. § 14-2803(A) ("A person who feloniously and intentionally kills the decedent forfeits all benefits under this chapter with respect to the decedent's estate . . . ."). Arizona added Subsection K in 2012. *See* Ariz. Sess. Laws, ch. 277, § 1 (2d Reg. Sess.). Section 14-2803 provides, in relevant part, that:

> F. After all right to appeal has been exhausted, a judgment of conviction establishing criminal accountability for the felonious and intentional killing of the decedent conclusively establishes the convicted person as the decedent's killer for purposes of this section. In the absence of a conviction, the court, on the petition of an interested person, shall determine whether, under the preponderance of evidence standard, the person would be found criminally accountable for the felonious and intentional killing of the decedent. If the court determines under that standard that the person would be found criminally accountable for the felonious and intentional killing of the decedent, the determination conclusively establishes that person as the decedent's killer for purposes of this section.
>
> . . . .
>
> K. The decedent's estate may petition the court to establish a constructive trust on the property or the estate of the killer, effective from the time of the killer's act that caused the death, in order to secure the payment of all damages and judgments from conduct that, pursuant to subsection F of this section, resulted in criminal conviction of either spouse in which the other spouse or a child was the victim.

**¶12** Appellants argue that because Subsection F refers to "this section," the discretion afforded to the court in Subsection F to identify the killer under a preponderance of the evidence standard also applies to Subsection K and a criminal conviction is not required to apply Subsection K. We disagree.

¶13        Appellants correctly note that a criminal conviction is not necessary for A.R.S. § 14-2803's application as a whole, that is, barring a person found to be the killer of the decedent from rights to the decedent's estate. *See* A.R.S. § 14-2803(F) ("In the absence of a conviction . . . . the [court's] determination [whether a person would be found criminally accountable] conclusively establishes that person as the decedent's killer for purposes of this section."). However, the plain language of Subsection K contains a specific limitation to Subsection K's application: the killer's conduct must have "*resulted in criminal conviction* of either spouse in which the other spouse or a child was the victim." (Emphasis added). Thus, even if the rest of A.R.S. § 14-2803 does not require a criminal conviction, Subsection K expressly does. We cannot read Subsection F as controlling Subsection K without rendering the "criminal conviction" language superfluous. *See Guzman v. Guzman*, 175 Ariz. 183, 187 (App. 1993) ("A statute is to be given such an effect that no clause, sentence or word is rendered superfluous, void, contradictory or insignificant."). The preponderance-based finding in Subsection F has the effect of establishing an individual's status as the "killer." Subsection K concerns the estates of persons who are "killers" under Subsection F – it then provides special consequences for those who have been convicted. Harmonizing the two subsections to give effect to all statutory language indicates that the preponderance-based standard applies to all the other subsections of the statute and bars the killer from benefitting from the decedent's estate. However, a criminal conviction is required to invoke the possibility of a constructive trust over the killer's assets under Subsection K.

¶14        Appellants provide several arguments in support of their interpretation, all of which are unavailing. They first argue Subsection K incorporates the standard set forth in Subsection F by reference. *See* A.R.S. § 14-2803(K) ("all damages and judgments from conduct that, *pursuant to subsection F of this section*, resulted in criminal conviction" (emphasis added)). This argument ignores the language in Subsection K requiring a criminal conviction. Subsection K's cross-reference to Subsection F indicates that if the conduct described in Subsection F – the "felonious and intentional killing of the decedent"– results in a criminal conviction, then a constructive trust can be sought.

¶15        Next, Appellants argue the probate court's interpretation renders Subsection K's reference to the killer's "estate" meaningless. We disagree. As the Creditors note, a killer could be convicted of a crime and then pass away.

**¶16**  Finally, Appellants argue the probate court's interpretation would produce absurd results, allowing individuals who escape custody, die before final conviction, or commit suicide "to receive less sanction than the act of one who . . . [is] convicted." This argument also fails. We will not construe statutes "in a way that produces absurd results," *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 186, ¶ 47 (App. 2008), but this is not an absurd result. The Legislature could have decided that although a person who is found accountable for the death of the decedent under a preponderance of the evidence standard should be barred from any benefits in the decedent's estate, a criminal conviction beyond a reasonable doubt should apply before the decedent's estate can petition for a constructive trust on the perpetrator's assets. If the Legislature wishes to allow a decedent's estate to obtain a constructive trust on the perpetrator's assets short of a criminal conviction, it can amend the statute.

**¶17**  Because we conclude that A.R.S. § 14-2803 is inapplicable to the facts in this case, we do not reach Appellants' arguments regarding Subsection K's potential effects on creditor priority.

## CONCLUSION

**¶18**  For the foregoing reasons, we affirm. We will award the Creditors' taxable costs on appeal upon timely compliance with ARCAP 21.

